UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HERNANDEZ et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00724 AWI JLT<br><br>ORDER GRANTING MOTION TO PROCEED INFORMA APUPERIS<br>(Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1) |

　　　　Steven Whitfield seeks to proceed *pro se* with an action for a violation of civil rights against parole agents John Hernandez and Donnette Aguilera.  Plaintiff claims Defendants have violated his rights by searching his bedroom during a parole search associated with his cotenant.

　　　　Plaintiff initiated this action by filing his complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2) on May 16, 2012.  Because Plaintiff has failed to allege facts sufficient to support his claim that his constitutional rights were and for the reasons set forth below, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.　　Motion to proceed in forma pauperis**

　　　　The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  The Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. §

1

1915(a).  Therefore, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

## II.     Screening Requirement

When a plaintiff proceeds in forma pauperis, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 550 U.S. 544, 555-56 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 550 U.S. 544, 555-56 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  Id.

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  See Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1963).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   Plaintiff's Allegations

Plaintiff asserts that he rents a room from a woman named Shirley Wells. (Doc. 1 at 3)  Also living in the home is Ms. Wells' brother, Eddie Wells, who is on active parole and who is subject to search as a condition of his parole. (Doc. 1 at 2). Plaintiff alleges the scope of this search authority is set forth in Title 15 CCR 2511 and case law.

Plaintiff alleges that on May 1, 2013, Eddie Wells' parole agent, Aguilera, visited the home. Id. at 3. While there, Aguilera noticed there were two bedrooms which had locked doors. (Doc. 1 at 3) Aguilera insisted on seeing these rooms despite that they were the rooms used by Ms. Wells and Plaintiff. Id. at 3-4. Apparently, Aguilera entered Plaintiff's room even though Eddie Wells "attempted to explain to [her] that the two . . . bedrooms . . . did not belong to him." Id. at 3. Also, Aguilera required Eddie Wells provide her the keys to a shed located outside and to two gates. Id. at 3. Apparently, Eddie Wells provided the keys. Id.

Upon learning that Aguilera entered his room, Plaintiff complained to Hernandez, Aguilera's supervisor. (Doc. 1 at 4) Hernandez told Plaintiff that he instructs the parole agents to conduct a

visual search of all rooms of the home in which the parolee is living during the first visit to the home for purposes of ensuring officer safety. Id. Plaintiff reports that Eddie Wells' prior parole agent never visually inspected any areas of the home except those within the control of the parolee. Id.

Again, on May 10, 2013, Aguilera returned to the home and again required entry to Plaintiff's room to conduct a visual inspection. (Doc. 1 at 5) Plaintiff acceded to Aguilera's demand. Id.

Based upon these facts, Plaintiff asserts Hernandez is liable for violation of the Fourth Amendment because he condoned and approved of the unlawful searches of his room. (Doc. 1 at 5). He asserts Aguilera violated his Fourth Amendment rights on the two occasions she inspected his room. Id. He also claims the defendants violated California Civil Code section 52 and 52.1(b) by violating Plaintiff's rights through threats, intimidation or coercion. In addition, Plaintiff claims the searches constituted an invasion of his privacy and interfered with his right to quiet title.

## IV.     Discussion and Analysis

Plaintiff alleges Defendants violated the Fourth and Fourteenth Amendments, the amendments to the Constitution do not create direct causes of action. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 "is a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

### A.     Fourth Amendment

The Fourth Amendment prohibits unreasonable searches by governmental officials. In Samson

v. California, 547 U.S. 843, 850, (2006), the Court determined that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." Id. at 850.  Thus, the Court "conclude[d] that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." Id. at 857. "Generally, a condition of parole that permits warrantless searches provides officers with the limited authority to enter and search a house where the parolee resides, even if others also reside there." Motley v. Parks, 432 F.3d 1072, 1079 (9th Cir. 2005) overruled on other grounds by United States v. King, 687 F.3d 1189 (9th Cir. 2012).

In United States v. Matlock, 415 U.S. 164, 171 (1974) the Court held, "when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." Thus, the Court concluded that the authority to consent depends upon whether the consenting person had "joint access or control" such that any of those with this control "has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id. at n. 7.

As a supervisor, Hernandez can be liable under § 1983 if he "set[s] in motion a series of acts by others. . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991) (internal quotation marks and brackets omitted). Liability can exist without direct participation by the supervisor. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991).

Here, the complaint seems to demonstrate that Eddie Wells had a key to Plaintiff's locked bedroom.  (Doc. 1 at 3-5)  Likewise, though "he attempted" to tell Aguilera the bedroom belonged to Plaintiff, the complaint fails to demonstrate Plaintiff actually reported to Aguilera or communicated to her in any fashion that he did not have joint access to Plaintiff's room.  Seemingly, Mr. Wells' possession of a key to Plaintiff's room implies to the contrary.  On the other hand, though Plaintiff may have additional facts to demonstrate that any consent Mr. Wells gave to Aguilera to enter the room was not voluntarily given, there are insufficient facts to support this inference.

Finally, the fact that Aguilera demanded to see Shirley Wells' bedroom does not demonstrate a violation of Plaintiff's constitutional rights. For the same reasons, Plaintiff has no right to object to Aguilera's search of the shed located outside of the home unless this shed was solely within Plaintiff's control. Likewise, there is no indication that the gates to the premises were within Plaintiff's sole control. Again, the fact that Eddie Wells had keys to the shed and gates seems to indicate otherwise.

Finally, Plaintiff alleges Aguilera demanded to visually inspect Plaintiff's bedroom on May 10, 2013 and he "conceded" to this request. (Doc. 1 at 5) Plaintiff may contend he did not voluntarily consent to this search and that he was coerced into doing so. However, the scant facts alleged do not demonstrate this. Accordingly, Plaintiff has failed to state a cognizable claim for a violation of the Fourth Amendment, and this claim is **DISMISSED**.

### B. Fourteenth Amendment

Though Plaintiff alleges the searches constituted a violation of the Fourteenth Amendment, he fails to allege any facts to support this claim. Notably, in Ammari v. California, 2011 WL 3794894 at * 1-2 (E.D. Cal. Aug. 25, 2011), Plaintiff sued based upon a search of his business conducted after issuance of a warrant was issued. Plaintiff contended the warrant was "fraudulently" obtained and was invalid thus, the search itself was unlawful. Id. Plaintiff sued under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment. Id.

In dismissing the Fourteenth Amendment claim, this Court relied upon Albright v. Oliver, 510 U.S. at 273 which held, "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.' " The Ammari Court also relied upon United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997), which held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."

Accordingly, Plaintiff has failed to state a cognizable claim for a violation of the Fourteenth Amendment, and this claim is **DISMISSED**.

///

### C.     Violation of the Bane Act

Plaintiff alleges that Defendants interfered with his constitutional rights by use of intimidation, threats, and coercion in violation of California Civil Code § 52.1, known as the Bane Act. (Doc. 1 at 6-7). The Bane Act provides a cause of action for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ.Code § 52.1(a). Defendants contend Plaintiff's factual allegations fail to support her claim for a violation of the Bane Act. (Doc. 17-1 at 11-12).

A claim under the Bane Act "requires a showing of 'an attempted or completed act of interference with a legal right, accompanied by a form of coercion.'" Martin v. County of San Diego, 650 F.Supp.2d 1094, 1108 (S.D. Cal. 2009) (quoting Jones, 17 Cal. 4th at 334). Thus, unless there were threats, coercion or intimidation, the Bane Act has no application. See Gant v. County of Los Angeles, 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011). In evaluating the threatening or corercive conduct, the Court must consider "whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." Richardson v. City of Antioch, 722 F.Supp.2d 1133, 1147 (N.D.Cal.2010).

Previously, this Court explained: "The text of the Bane Act … indicates that a cause of action under the act requires a predicate — the application of threat, intimidation or coercion — and an object — interference with a constitutional or statutory right." Rodriguez v. City of Fresno, 819 F.Supp.2d 937, 953 (E.D. Cal. 2011). Put another way, a plaintiff must demonstrate that a constitution violation "occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." Barsamian v. City of Kingsburg, 597 F.Supp.2d 1054, 1057 (E.D. Cal. 2009) (emphasis added).

In Sanchez v. City of Fresno, 2012 WL 6719556 (E.D. Cal. Dec. 26. 2012), the plaintiffs alleged the defendants removed their personal property from their homeless encampment "in a threatening manner because of the number of individuals involved and the use of heavy equipment." *Id*. at 26. The Court found this was sufficient to state a claim under the Bane Act, "in a general sense,"

1 but dismissed the complaint with leave to amend because it failed to "connect each Individual
2 Defendant to the intimidating nature of the cleanups." Id.

3 Here, as noted above, there are insufficient facts alleged to demonstrate Plaintiff suffered a violation of his Fourth Amendment rights and no facts that this occurred via threats, intimidation or coercion. Thus, the claim under the Bane Act must be **DISMISSED**.

### C. Violation of the Unruh Act

California's Unruh Act, set forth in Civil Code § 52, provides, "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6," may be held liable. Notably, these California Civil Code sections prohibit, in essence, discrimination based upon enumerated classes.

Plaintiff fails to allege any facts that he suffered discrimination based upon his membership in any particular class. Thus, the Court concludes he has failed to allege sufficient facts to demonstrate a violation of the Unruh Act.

### D. Invasion of the right of privacy

As with the other counts alleged in the complaint, the only facts alleged are those related to the two inspections made of Plaintiff's bedroom by Aguilera. Notably, a plaintiff may state a claim under the Fourth Amendment *only when* he has a reasonable expectation of privacy in the area searched. As such, the Court is unclear what right he seeks to avenge here which is not encompassed in his Fourth Amendment claim.[1] Thus, the Court finds the count in the complaint for invasion of privacy fails to state a cognizable claim.

### E. Interference with quiet title

Here, Plaintiff alleges only that he has the right of use to portions of the property; he admits that Shirley Wells owns the property. (Doc. 1 at 3) Thus, Plaintiff cannot complain about a cloud on the title because *he does not have title* to the property.

On the other hand, the tort of interference with the quiet enjoyment of property, is a tort brought by a tenant against a landlord for breach of an implied or express covenant contained in the

---

[1] On the other hand, Plaintiff may be seeking to state a claim of trespass or for intrusion into private affairs. If so, he has failed to alleged facts to support either claim.

8

lease. In general, this is an action that stops short of a constructive eviction. Likewise, the tort may be asserted when there is a nuisance maintained on adjacent properties which impact the use of the subject property. Here, Plaintiff provides no facts to support this tort. Therefore, count four of the complaint must be **DISMISSED**.

   **F.**  **The complaint fails to demonstrate compliance with California's Tort Claims Act**

   As noted above, the Court is unclear as to the claims Plaintiff is alleging in his third and fourth claims. If Plaintiff intended to assert claims under state law, he is advised that under the California Tort Claims Act, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action and that claim has been rejected expressly or by operation of law. See Cal. Gov. Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). Thus, in pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243–44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and requires dismissal of plaintiff's state law claims. Id.

**V.**  **Conclusion and Order**

   Plaintiff has provided insufficient facts from which the Court may infer he suffered a constitutional violation. Moreover, he has failed to demonstrate compliance with the California Tort Claims Act which precludes him raising state law claims. Thus, the matter must be dismissed.

   However, the Court will allow Plaintiff a **final opportunity** to cure the deficiencies identified in this order by providing additional facts to support his claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

   Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. If Plaintiff files a first amended complaint, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. The document must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

which are not alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1986) (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).

      Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED with leave to amend**;
2. Within 21 days from the date of service of this order, Plaintiff must file a First Amended Complaint curing the deficiencies identified by the Court in this order; and
3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **May 24, 2013**                              /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE