UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HERNANDEZ et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00724 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 4) |

Steven Whitfield seeks to proceed *pro se* with an action for a violation of civil rights against parole agents John Hernandez and Donnette Aguilera ("Defendants). Plaintiff filed his First Amended Complaint on June 3, 2013, asserting Defendants have violated his rights by searching his bedroom during a parole search associated with a cotenant. (Doc. 4). For the reasons set forth below, the Court recommends Plaintiff's complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

**I.　　Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 550 U.S. 544, 555-56 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 550 U.S. at 555-56 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. Leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Plaintiff's Allegations

Plaintiff asserts that he rents a room from a woman named Shirley Wells. (Doc. 4 at 3). Also living in the home is Ms. Wells' brother, Eddie Wells, who is on active parole and is subject to search as a condition of his parole. Id. Plaintiff alleges that on May 1, 2013, Eddie Wells' parole agent, Aguilera, visited the home. Id. While there, Aguilera noticed there were two bedrooms which had locked doors. Id. Aguilera insisted on seeing these rooms although Eddie Wells informed her that the rooms were used by Ms. Wells and Plaintiff. Id. Aguilera was unable to enter Plaintiff's room. Id. However, Plaintiff complained to Hernandez, Aguilera's supervisor, regarding the request to search his room. Id. Hernandez told Plaintiff that he "instructed all parole agents to [conduct] a search of all areas and rooms of a residence" in which the parolee is living during the first visit. Id.

On May 10, 2013, Aguilera returned to the home and demanded the right to enter Plaintiff's bedroom to "conduct a 'visual inspection' of the contents thereof." (Doc. 4 at 3). Plaintiff granted Aguilera access to his room. Id. at 3-4.

Based upon these facts, Plaintiff asserts Hernandez is liable for violation of the Fourth Amendment because he condoned and approved of the unlawful searches of his room. (Doc. 4 at 4). He asserts Aguilera violated his Fourth Amendment rights when she inspected his room. Id. Also, Plaintiff contends Defendants are liable for violations of the Fourteenth Amendment. Id.

### IV. Discussion and Analysis

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

///

**A.     Fourth Amendment**

The Fourth Amendment prohibits unreasonable searches by governmental officials. U.S. Const. amend. IV. For the protections of the Fourth Amendment to apply, an individual must have a reasonable expectation of privacy in the place that is invaded. Espinosa v. City and Cnty. of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010) (citing Minnesota v. Carter, 525 U.S. 83, 88, (1998)). In general, "a search of a home or residence without a warrant is presumptively unreasonable." Id. (citing Lopez-Rodriguez v. Mukasey, 536 F.3d 1012, 1016 (9th Cir. 2008)).

However, in Samson v. California, 547 U.S. 843 (2006), the Supreme Court determined that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." Id. at 850. Thus, the Court "conclude[d] that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." Id. at 857. "Generally, a condition of parole that permits warrantless searches provides officers with the limited authority to enter and search a house where the parolee resides, even if others also reside there." Motley v. Parks, 432 F.3d 1072, 1079 (9th Cir. 2005) *overruled on other grounds by* United States v. King, 687 F.3d 1189 (9th Cir. 2012).

Further, a warrantless search may be conducted where voluntary consent is given by a person possessing authority over the premises. Espinosa, 598 F.3d at 533. To determine whether consent was voluntarily given in a particular search or given under duress, the Court must consider the totality of the surrounding circumstances. See Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973); United States v. Garcia, 997 F.2d 1273, 1281-82 (9th Cir. 1993). Factors guiding the Court's consideration include: (1) whether the individual was in custody; (2) whether the officer had his or her gun drawn; (3) whether *Miranda* warnings were given; (3) whether the individual was notified that he had a right no to consent; and (5) whether the individual was told a search warrant could be obtained. Liberal v. Estrada, 632 F.3d 1064, 1082 (9th Cir. 2011) (citing United States v. Patayan Soriano, 361 F.3d 494, 502 (9th Cir. 2004)). No single factor is determinative in the equation, but many of the Ninth Circuit's decisions finding consent as voluntary "are supported by at least several of the factors." United States v. Chan-Jimenez, 125 F.3d 1324, 1327 n.3 (9th Cir. 1997). In a civil case under Section 1983, such as the matter now before the Court, the plaintiff bears the ultimate burden of establishing each element of his claim,

including lack of consent. Larez v. Holcomb, 16 F.3d 1513, 1517 (9th Cir. 1994); *accord* Valance v. Wisel, 110 F.3d 1269 (7th Cir.1997).

Here, Plaintiff alleges Aguilera demanded to visually inspect his bedroom on May 10, 2013 and he "conceded" to this request. (Doc. 1 at 5; Doc. 4 at 3-4). Plaintiff was not in custody and he does not allege that Aguilera had drawn a weapon or showed any use of force. Although Plaintiff may assert he did not voluntarily consent to the search, the scant facts alleged do not demonstrate this. See, e.g., United States v. Drayton, 536 U.S. 194, 204 (2002) (holding consent was not a product of coercion where there the officer "did not brandish a weapon or make any intimidating movements"); Garcia, 997 F.2d at 1281-82 (finding the "request to talk, combined with [the] affirmative response and step back clearing the way for the offers' entry are sufficient to give rise to an inference of consent"). Because Plaintiff has not alleged sufficient facts for the Court to determine he did not voluntarily consent to the search, he has failed to state a cognizable claim for a violation of the Fourth Amendment by Aguilera, and the claim should be **DISMISSED**.

As Aguilera's supervisor, Hernandez may be liable under Section 1983 if he "set[s] in motion a series of acts by others. . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991) (internal quotation marks and brackets omitted).[1] Liability can exist without direct participation by the supervisor. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991). A causal link between a supervisor and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). However, Plaintiff has not stated a cognizable claim for a constitutional violation by Hernandez's subordinate, or stated facts supporting a claim he personally participated in an act that violated Plaintiff's constitutional rights. Accordingly, Plaintiff failed to state a cognizable claim for a violation of the Fourth Amendment by Hernandez, and the claim should be **DISMISSED**.

---

[1] In general, the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. Monell, Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

### B. Fourteenth Amendment

Though Plaintiff alleges the searches constituted a violation of the Fourteenth Amendment, he fails to allege any facts to support this claim. Notably, in Ammari v. California, 2011 WL 3794894 at * 1-2 (E.D. Cal. Aug. 25, 2011), Plaintiff sued based upon a search of his business conducted after issuance of a warrant was issued. Plaintiff contended the warrant was "fraudulently" obtained and was invalid thus, the search itself was unlawful. Id. Plaintiff sued under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment. Id.

In dismissing the Fourteenth Amendment claim, this Court relied upon Albright v. Oliver, 510 U.S. at 273 which held: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" The Ammari Court also relied upon United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997), which held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."

Plaintiff's claim that Defendants violated "[his] right to due process of law by virtue of the . . . stated violation of [his] fourth amendment rights to a reasonable expectation of privacy" (Doc. 4 at 4) is properly analyzed under the Fourth Amendment. Likewise, his claim that Aguilar violated his "right 'to be free from unreasonable searches and seizures'" (id.) is governed by the Fourth Amendment. Thus, the Court recommends his claim for a violation of the Fourteenth Amendment be **DISMISSED**.

### V. Findings and Recommendations

Plaintiff has provided insufficient facts from which the Court may infer he suffered a constitutional violation. Previously, the Court granted Plaintiff leave to amend to cure the deficiencies of his factual allegations, specifically by "providing additional facts to support his claims." (Doc. 3 at 9) (citing Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Because Plaintiff has provided no additional facts from which it can be inferred he did not voluntarily consent to the search on May 10,

2013, the Court finds Plaintiff is unable to plead facts supporting his claims, and granting leave to amend once again would be futile.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's First Amended Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and

2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 14, 2013**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE