1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **EASTERN DISTRICT OF CALIFORNIA**
10
11   STEVEN WHITFIELD,                    )   Case No.: 1:13-cv-00724 AWI JLT
                                          )
12              Plaintiff,                )   ORDER WITHDRAWING THE FINDINGS AND
                                          )   RECOMMENDATIONS DATED JUNE 14, 2013
13        v.                              )
                                          )   (Doc. 5)
14   JOHN HERNANDEZ et al.,               )
                                          )
15              Defendant.                )   ORDER GRANTING PLAINTIFF LEAVE TO
                                          )   FILE A SECOND AMENDED COMPLAINT
16   _____     )

17        PlaintiffSteven Whitfield is proceeding *pro se* with a civil rights action, asserting parole agents

18   John Hernandez and Donnette Aguilera ("Defendants) have violated his rights by searching his

19   bedroom during a parole search associated with a cotenant.  (Doc. 4).  On June 14, 2013, the Court

20   Plaintiff's First Amended Complaint be dismissed without leave to amend.  (Doc. 5).  Plaintiff filed

21   timely objections on June 21, 2013.  (Doc. 6).

22        Notably, Plaintiff alleged new facts in his objections that were not present in either his original

23   complaint or his First Amended Complaint.  For example, Plaintiff implies that he was intimidated

24   into granting entry into his bedroom because defendant Aguilera returned to Plaintiff's residence "with

25   another parole officer . . . who weighed over 275 pounds." (Doc. 6 at 4).[1]  In addition, Plaintiff

26

27        _____
             [1] The officer's size alone is sufficient to demonstrate intimidation.  If this were so, the officer could be liable for
28   Fourth Amendment violations every time he were to request a search from someone of a smaller stature.  Consequently,
     Plaintiff must allege more than the officer's size to support his claim for intimidation.  He must describe the actions of the
     officer which were reasonably interpreted as intimidating.

                                              1

asserted he "reasonabl[y] believe that if he refused the 'demanded entry' he might be arrested for delaying or obstructing an officer in the performance of his/her duty."[2] *Id.*

      Because Plaintiff has alleged new facts in support of his claims, the Court will grant Plaintiff an opportunity to file a Second Amended Complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile). Plaintiff is reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Accordingly, the amended complaint must incorporate all facts Plaintiff wishes the Court to consider, and once Plaintiff files an amended complaint, the prior pleadings no longer serves any function in the case.

      The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

      Accordingly, **IT IS HEREBY ORDERED**:

    1.    The Findings and Recommendations dated June 14, 2013 (Doc. 5) are **WITHDRAWN**;

    2.    Plaintiff **SHALL** file a Second Amended Complaint no later than **July 31, 2013**; and

    3.    If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 10, 2013**                  **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Once again, Plaintiff must allege what the officers did or said which made him believe he would be arrested if he refused to grant the officers entry into his bedroom.