UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HERNANDEZ et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00724 AWI JLT<br><br>ORDER FINDING SERVICE OF PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 8) APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION WITHIN THIRTY DAYS |

Steven Whitfield seeks to proceed *pro se* with an action for a violation of civil rights against parole agents John Hernandez and Donnette Aguilera ("Defendants). Plaintiff filed his Second Amended Complaint on July 18, 2013, asserting Defendants have violated his rights by searching his bedroom during a parole search associated with a cotenant. (Doc. 8). For the following reasons, service of the Second Amended Complaint is appropriate.

**I.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the Second Amended Complaint because it supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds upon which the action stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Thus, a complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted). Consequently, conclusive and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint should be granted where deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

## III. Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### IV.     Plaintiff's Allegations

Plaintiff alleges that he rents a room from a woman named Shirley Wells. (Doc. 8 at 3). Also living in the home is Ms. Wells' brother, Eddie Wells, who is on active parole and is subject to search as a condition of his parole. *Id*. Plaintiff alleges that on May 1, 2013, Eddie Wells' parole agent, Aguilera, visited the home. *Id*. While there, Aguilera noticed there were two bedrooms with locked doors, which belonged to Shirley Wells and Plaintiff. *Id*. Eddie Wells informed Aguilera he did not have access to the rooms, and Aguilera was unable to enter Plaintiff's room. *Id*. Plaintiff complained to Hernandez, Aguilera's supervisor, regarding the request to search his room. *Id*. Hernandez told Plaintiff that he "instructs all agents . . . to actual and visual searches of all areas of the residence (duirng (sic) first time visit[s] for the agent) including any rooms or portions thereof whether or not they were areas of 'common access' and/or under the control of [the] parolee." *Id.*

On May 10, 2013, Aguilera returned to the residence with another officer who was part of a "goon squad" (sic), weighed "over 275 lbs., and appeared "in full uniform regalia of emblems, handcuffs, [and] batons." (Doc. 8 at 4). Plaintiff asserts Aguilera and this other officer knocked on his bedroom door and "demanded entry." *Id.* He inquired whether it was a demand, to which Aguilar replied "yes this is a demand." *Id.* According to Plaintiff, he "believed that he had no right to refuse, and could be subject to arrest for disobeying and/or delaying an officer in the performance of his/her respective duty." *Id.* Therefore, Plaintiff granted entry into his room. *Id.*

Based upon these facts, Plaintiff asserts Hernandez is liable for violation of the Fourth Amendment because he instructed Aguilera to conduct the search of Plaintiff's room. (Doc. 8 at 4). He asserts Aguilera violated his Fourth Amendment rights when she inspected his room. *Id.* at 5.

### IV.     Discussion and Analysis

The Fourth Amendment prohibits unreasonable searches by governmental officials. *U.S. Const. amend. IV*. For the protections of the Fourth Amendment to be applicable, an individual must have a reasonable expectation of privacy in the place that is invaded. *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010) (citing *Minnesota v. Carter*, 525 U.S. 83, 88, (1998)). In general, "a search of a home or residence without a warrant is presumptively unreasonable." *Id.* (citing *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008)).

In *Samson v. California*, 547 U.S. 843 (2006), the Supreme Court determined that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." *Id.* at 850. Thus, the Court "conclude[d] that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Id.* at 857. "Generally, a condition of parole that permits warrantless searches provides officers with the limited authority to enter and search a house where the parolee resides, even if others also reside there." *Motley v. Parks*, 432 F.3d 1072, 1079 (9th Cir. 2005), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012). Thus, "some courts have treated individuals living with parolees … as having diminished Fourth Amendment rights." *Thornton v. Lund*, 538 F. Supp. 2d 1053, 1058 (E.D. Wis. 2008) (citing, e.g., *United States v. Cantley*, 130 F.3d 1371, 1377 (10th Cir.1997); *Perez v. Simmons*, 884 F.2d 1136, 1140 (9th Cir.1988); *People v. Robles*, 23 Cal.4th 789, 97 Cal.Rptr.2d 914, 3 P.3d 311, 317 (2000)). Likewise, courts have determined "a parolee's co-resident has a diminished privacy interest based on the parolee's consent to warrantless searches." *Thornton*, 538 F. Supp. 2d at 1058 (citing, *e.g.*, *Donald v. Delaware,* 903 A.2d 315, 319-21 (Del.2006)). Thus, Plaintiff may have diminished Fourth Amendment rights given his residence with a parolee.

Here, Plaintiff argues his rights were violated because Hernandez instructed Aguilera to search his room in the residence he shared with Eddie Wells. Plaintiff argues Aguilera forced him to consent to the search. Accordingly, Plaintiff asserts his consent was given under duress, and states a cognizable claim for the violation of his Fourth Amendment rights by Aguilera. Likewise, because her actions were "set in motion" by Hernandez, Plaintiff has sufficiently stated a cognizable claim against Hernandez. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (a causal link between a supervisor and the claimed constitutional violation must be specifically alleged).

## V.     Conclusion and Order

Plaintiff has stated cognizable claims for violations of the Fourth Amendment by Defendants. Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's Second Amended Complaint is appropriate for, and shall be initiated on Defendants John Hernandez and Donnette Aguilera.

2. The Clerk of the Court is directed to send Plaintiff two (2) USM-285 forms, two (2) summons, one (1) Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on July 18, 2013 (Doc. 8).

3. Within **thirty (30) days** from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. One completed USM-285 form for each defendant listed above;

   b. One completed summon for each defendant listed above; and

   c. Three (3) copies of the endorsed complaint.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. **<u>Plaintiff is cautioned that failure to comply with this order will result in dismissal of the action pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated: **August 6, 2013**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

5