UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WHITFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN HERNANDEZ, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00724 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 18) |

Plaintiff Stephen Whitfield seeks leave to file a Third Amended Complaint. (Doc. 18.) Defendants John Hernandez and Donnett Aguilera filed a statement of non-opposition to the motion on March 13, 2014. (Doc. 24.) Because the Court determined the matter is suitable for decision without oral argument, the motion was taken under submission pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

I.  **Relevant Procedural History**

Plaintiff initiated this action by filing a complaint for a violation of his civil rights pursuant to 42 U.S.C. § 1983 on May 16, 2013. (Doc. 1.) The Court screened his complaint pursuant to 28 U.S.C. § 1915(a) because Plaintiff sought to proceed *pro se* and *in forma pauperis*. (Doc. 3.) After the Court dismissed his complaint with leave to amend, Plaintiff filed a First Amended Complaint on June 3, 2013. (Doc. 4.) Although the Court dismissed the amended complaint, Plaintiff was given an opportunity to cure the deficiencies of the complaint. (Doc. 7.) Accordingly, Plaintiff filed his Second

Amended Complaint on July 18, 2013.  (Doc. 8.)  The Court found Plaintiff stated cognizable claims for violations of the Fourth Amendment by Defendants in the Second Amended Complaint, and authorized service.  (Doc. 9.)  Defendants filed their answer to the complaint on November 14, 2013.  (Doc. 12.)

On February 24, 2014, Plaintiff filed the motion now pending before the Court, seeking to file a Third Amended Complaint.  (Docs. 18-19.) Plaintiff asserts the amendment is necessary "to include more causes of action and add a new defendant," state parole agent Lisa Aceves.  (Doc. 18 at 1.)   On March 13, 2014, Defendants filed a statement of non-opposition to Plaintiff's motion.  (Doc. 20.)

## II.     Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, Defendants filed their answer to the complaint on November 14, 2013.  (Doc. 12.)  Therefore, Plaintiff requires either consent of the defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality.  *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint previously. *Allen*, 911 F.2d at 373. Here, Plaintiff filed several other pleadings, but this is the first amendment requested since Defendants were served. Therefore, this factor does not weigh against amendment.

#### B. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, there are no facts demonstrating Plaintiff acted with undue delay in seeking to amend the complaint, and this factor does not weigh against amendment.

#### C. Bad faith

Plaintiff conferred with defendants' counsel prior to filing the amended complaint. (Doc. 18 at 2.) It does not appear that Plaintiff acted with bad faith, and this factor does not weigh against amendment.

### D. Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both.  *See Bonin*, 59 F.3d at 846.  Here, it does not appear that amendment would be futile, and this factor does not weigh against granting leave to amend.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint.  *DCD Programs*, 833 F.2d at 187.  There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.  *Eminence Capital*, 316 F.3d at 1052.  As noted above, the defendants do not oppose motion to amend.  Therefore, this factor does not weigh against amendment.

## IV.     Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file a First Amended Complaint.  *See Madeja*, 310 F.3d at 636.  Therefore, the Court is acting within its discretion in granting the motion to amend, and declines to screen the Third Amended Complaint.  *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to amend (Doc. 18) is **GRANTED**; and
2. Plaintiff SHALL file his Third Amended Complaint lodged on February 24, 2014 (Doc. 19) within five court days.

IT IS SO ORDERED.

Dated:   **March 25, 2014**            /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

4