**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-0724 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 45) |

　　　　On October 2, 2014, Steven Whitfield filed motion for appointment of counsel. (Doc, 45.) Plaintiff asserts counsel should be appointed because his "legal research conducted thus far reveals . . . no applicable case construing third-party parole searches condones or authorizes [the] demanded entry into [his] bedroom." (*Id.* at 1.) He reports that his settlement demands have been rejected by the defendants, who have also demanded a jury trial though Plaintiff requested a bench trial. (*Id.*) Plaintiff appears to assert that "the inability of the pro se plaintiff to adequately present his legal claim in light of the complexity of the issue" weighs in favor of the appointment of counsel. (*Id.* at 2) (citing *Crowe v. County of San Diego*, 508 F.3d 406 (9th Cir. 2012)).

　　　　Importantly, in most civil cases, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons. 28 U.S.C. § 1915(e)(1). Plaintiff is advised that the Court cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).

Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Here, Plaintiff has demonstrated he is able to respond to the Court's orders and meet deadlines set by the Court. In addition, Plaintiff is very articulate and able to state his position in an intelligible manner before the Court. Further, at this early stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find the required exceptional circumstances at this time.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for the appointment of counsel (Doc. 45) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **October 9, 2014**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE