UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HERNANDEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-0724 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE CASE SCHEDULE TO EXTEND THE DISCOVERY PERIOD<br><br>(Doc. 47) |

Before the Court is Plaintiff's request (Doc. 47) to amend the scheduling order to extend the discovery deadline, which expires on January 12, 2015. (Doc. 38) He reports that due do his attempts to settle the case, he forewent discovery in order to avoid Defendants having to expend resources to complete discovery while considering his settlement demands. Id. at 1. In addition, Plaintiff explains that he did not have access to a computer for a period of time due to his inability to use public transportation because of a bus strike. Id. at 2. Finally, Plaintiff indicates that the fact that Defendant Aceves was added to the case "only 4-5 months before" the scheduling conference, this impacted his ability to complete discovery. Id.

Because Plaintiff has failed to demonstrate he exercised diligence to complete discovery within the time allotted, his request to extend the discovery deadline is **DENIED**.

I.   **Good cause is required to modify a scheduling order**

　　Districts courts must enter scheduling orders in actions to "limit the time to join other parties,

1

amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Id. at 609.  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Here, Plaintiff lists a number of reasons why he has not completed discovery.  First, he reports that he urged settlement with the Defendants several times and during this time, he agreed that Defendants did not need to respond to discovery while they considered his offers.[1]  (Doc. 47 at 1)

---

[1] Settlement efforts do not constitute good cause to amend a scheduling order. The desire to settle is not an unanticipated development (Jackson, 186 F.R.D. at 608) and it should have been accounted for in the case schedule proposed by the parties. However, the only indication in the joint scheduling report about the topic of settlement is Defendants' report that, "Defendants do not think that this case is amendable to settlement at this time.  The parties do not believe mediation would

However, Plaintiff admits that settlement efforts failed on October 5, 2014.[2] Id. Thus, it is not clear why discovery was not immediately re-commenced by Plaintiff at that time.

Second, Plaintiff reports that he did not have access to a computer because he needed to use a bus to travel to where he could use a computer but the bus system was not operating due to a strike. (Doc. 47 at 2) The Court takes judicial notice that the bus strike lasted 34 days and ended on August 18, 2014. Fed. R. Civ. P. 201(b)(1), (2) [A court may take judicial notice of facts that are "generally known with the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."] Thus, how the bus strike—which ended before Plaintiff's self-imposed moratorium on discovery ended—could have impacted Plaintiff's discovery efforts after August 19, 2014, is not explained. Moreover, Plaintiff fails to explain why access to a computer was needed. He could have he simply handwritten his discovery requests. If he is computerized legal research was needed to conduct discovery, he fails to explain why.

Third, Plaintiff explains that his discovery efforts were hampered by the fact that Defendant Aceves was added to this case "4-5 months before" the case schedule issued. (Doc. 47 at 2) Plaintiff does not explain how adding this defendant, before the case had really begun, impacted his discovery efforts. Notably, *Plaintiff chose* to add Ms. Aceves added as a defendant (Docs. 24, 26)—despite whatever additional burdens this would place on his discovery efforts—and this was done on April 2, 2014. (Doc. 27) This occurred *before* the Court issued the case schedule which means, of course, that Plaintiff was fully aware of this defendant and what discovery efforts he would need *before* the timeframe to complete discovery was set. Thus, it is not clear how an act which occurred before discovery began could possibly have impacted Plaintiff's ability to conduct discovery timely.

Furthermore, on August 28, 2014, the parties filed a mid-discovery status conference report in which Plaintiff described his settlement efforts as follows:

> 1) Discovery completed
>
>    a. Propounded interrogatories on Defendant Hernandez in March 2014, and requests for admission on Defendants Hernandez and Aguilera in March and May 2014.

---

be helpful." (Doc. 35 at 7) This report was dated May 27, 2014. Id. at 8. Thus, it is unclear why Plaintiff felt settlement was a realistic possibility after this point.

[2] Notably, in his motion for appointment of counsel, Plaintiff reported that settlement efforts had failed and this motion was signed on September 29, 2014. (Doc. 45)

        2) Discovery remaining
          a. Will propound additional written discovery on all three Defendants before January 12, 2015.

          b. Contemplating whether to depose one or more Defendants.

          c. **Intends to complete all necessary non-expert discovery by the January 12, 2015 deadline**, and all necessary expert discovery by the March 23, 2015 deadline.

(Doc. 43 at 3, emphasis added) Likewise, the parties affirmed, "**At present, the parties agree that they are in a position to comply with all dates set forth in the scheduling order**." Id. at 2, emphasis added. Thus, at least as of August 28, 2014 when the status report was filed, Plaintiff saw no impediment to completing discovery by the deadline despite the fact that he had suspended discovery for a period of time. Indeed, absent from the joint mid-discovery status conference report was any indication that the parties had attempted or were attempting settlement efforts or that these efforts had made any impact on completing discovery in a timely fashion.

      Finally, the Court does not condone Plaintiff's decision to suspend discovery while Defendants considered whether to accept his settlement offers. However, even after making this decision, there is no explanation why Plaintiff did not redouble his discovery efforts beginning at least as late as September 29, 2014, when it was clear to him that the case would not settle. Had he done this, there is no reason why discovery could not have been completed in a timely fashion.

      Thus, because Plaintiff has failed to demonstrate good cause to amend the scheduling order, the motion is **DENIED**.

IT IS SO ORDERED.

   Dated: **December 8, 2014**         **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE