**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>     Plaintiff,<br><br>     v.<br><br>JOHN HERNANDEZ, et al.,<br><br>     Defendants. | Case No.: 1:13-cv-0724 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; ORDER DENYING A WAIVER OF WITNESS FEES<br><br>(Doc. 56) |

Previously, the Court denied Plaintiff's request for appointment of counsel. (Doc. 46) At the time, the Court informed Plaintiff that there is no right to appointed counsel but that in exceptional circumstances, the Court can request an attorney assist. Id. The Court noted that Plaintiff was articulate and intelligible in setting forth his positions and that the Court was unable to determine the likelihood that Plaintiff would succeed on the merits. Id.

In his current motion, Plaintiff asserts that based upon the statements made in the pretrial statement, the Court should now be able to determine whether he will succeed on the merits. (Doc. 56) However, this is not the case. Instead, it seems clear that whether Plaintiff succeeds will be depend upon whether the jury believes his version of the events or the Defendants' version.

Moreover, none of the other circumstances has changed. The case and the legal issues are not complex. Plaintiff has demonstrated an understanding of the requirements of this litigation and the Court does not doubt his ability to present his case at trial. Finally, despite inquiries having been made,

the Court knows of no attorney willing to accept appointment in this case. In any event, the Court does not find any exceptional circumstances requiring appointment of counsel in this case[1] (*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)) and will **DENY** the request.

In addition, Plaintiff requests the Court waive the witness fees for Parole Agent Martinez. (Doc. 56 at 1-2)  Defendants are correct that the Court lacks the authority to *waive* witness fees merely because Plaintiff is proceeding in forma pauperis.  (Doc. 59, citing *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).)  However, Plaintiff relies upon *Giraldes v. Prebula*, 2012 WL 1355739, at *1 (E.D. Cal. Apr. 18, 2012), in which a judicial officer in this District authorized the reopening of discovery and intimated, though did not state explicitly, that the Court *could* pay the cost of the expert through its non-appropriated funds.  *Id*. at 2.  There is no indication the Court anticipated every paying for routine, lay witnesses to appear at trial.  Notably, the court must have found extraordinary circumstances existed given it appointed pro bono counsel. *Rand*, 113 F.3d at 1525.

The availability of limited non-appropriated funds does not translate into a generalized right for a pro se litigant to have his costs of litigation paid out of these funds.  Rather, the extraordinary circumstances under which this would be warranted, are simply not present here.  Though Plaintiff claims that Parole Agent Martinez is "vital to a full and fair hearing on the merits of this case," he does not explain how Martinez was involved in the matter.  Indeed, before the parties filed their joint pretrial statement, Parole Agent Martinez had never been mentioned in any document filed with the Court so it has no information as to how this person's testimony would bear on the case.  Finally, though the Court appreciates that Plaintiff is proceeding in forma pauperis, he fails to make any showing that, absent the Court paying the witness fees out of its own, extremely limited coffers, that he is unable to pay the costs.[2]  Thus, because there are not exceptional circumstances justifying payment of witness fees by the Court, the request is **DENIED**.

---

[1] Sadly, Plaintiff's situation is not unique and not exceptional.  Indeed, filed in this Court are hundreds of cases in which litigants represent themselves because they cannot locate counsel willing to assist.  These cases do not include the hundreds of cases prosecuted by inmates whose incarcerated conditions make litigation even more difficult than for someone like Plaintiff who has ready access to a public law library and the internet.  Moreover, notably, Plaintiff has not indicated that he has ever attempted to hire a lawyer and the Court has no reason to believe that he could not do so—although waiting until this late date may now make it difficult.

[2] The Court presumes that when Plaintiff initiated this litigation he was aware that there would be costs of doing so. Plaintiff fails to explain what his plan was, when deciding to litigate, to pay the costs of it.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for appointment of counsel is **DENIED**;
2. Plaintiff's motion for a waiver of witness fees is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 12, 2015**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE