**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WHITFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN HERNANDEZ, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-0724 - JLT<br><br>ORDER GRANTING AND DENYING PLAINTIFF'S MOTIONS IN LIMINE<br>(Doc. 56)<br><br>ORDER VACATING HEARING ON MOTIONS IN LIMINE |

**I.  Background**

In this action brought under 42 U.S.C. § 1983, Plaintiff claims that in May 2013, Defendants unlawfully searched his bedroom, which he rented in the home belonging to Shirley Wells. At the time, Ms. Well's brother, Eddie Wells, also lived in the home and was on active parole. Plaintiff claims that he did not give consent for Defendants to search his bedroom and they lacked a warrant to do so. As a result, he seeks damages under the Fourth Amendment for what he contends was an unlawful search. Defendants deny the search was unlawful and claim Plaintiff consented to the search.

**II.  Legal Standards Governing Motions in Limine**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially

1

prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," C & E Services, Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150 (2000).

### III. Plaintiff's Motions in Limine

#### A. Plaintiff's First Set of Motions in Limine

In his first set of motions, Plaintiff seeks to preclude the introduction of evidence of any felony conviction or any arrests or conviction of misdemeanor charges he suffered more than ten years ago. (Doc. 58 at 1) He seeks also to preclude Defendants from introducing evidence of lawsuits he filed more than 20 years in the past as well as any discipline he suffered while incarcerated more than 20 years ago. Id. at 2.

Defendants do not oppose these motions and agree that such evidence should not be admitted. (Doc. 61 at 2) Thus, the motions are **GRANTED** and no party or witness may mention that Plaintiff did or did not suffer felony or misdemeanor convictions or arrests on misdemeanor charges more than ten years old. Likewise, no party or witness may mention that Plaintiff did or did not suffer discipline while in prison or that he participated in litigation 20 years ago.

#### B. Plaintiff's Second Motion in Limine

In his second motion in limine, Plaintiff argues that his deposition testimony should not be

admitted because Defendants failed to advise him of his right to review the deposition transcript to ensure its accuracy. (Doc. 58 at 2) Defendants oppose this motion and argue that they were not obligated to advise Plaintiff of this option and, to the contrary, he was obligated to request the opportunity to review the transcript before the end of the deposition. (Doc. 61 at 2-3)

Notably, Federal Rules of Civil Procedure Rule 30(e) reads,

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Plaintiff fails to demonstrate that he demanded the right to review the transcript Defendants argue that he did not do so. The requirement of making the request is "clear and mandatory." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 265 (3d Cir. 2010) Because there is no showing that Plaintiff made the request and it was refused or thwarted in some fashion, the Court is required to deny the motion. In any event, Plaintiff fails to identify any portion of the transcript that he believes was in error. Thus, Plaintiff's motion in limine is **DENIED.**

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion related to convictions and misdemeanor arrests more than 10 years old, information related to prior litigation Plaintiff may have filed more than 20 years ago and prison discipline Plaintiff may have suffered more than 20 years ago, is **GRANTED**;

2. Plaintiff's motion in limine to preclude the introduction of his deposition testimony is **DENIED**;

///
///
///
///
///

3

3. The hearing on the motions in limine, set on November 30, 2015 at 10:00 a.m. is **VACATED**.

IT IS SO ORDERED.

Dated: __**November 17, 2015**__     _____/s/ Jennifer L. Thurston__
                                                          UNITED STATES MAGISTRATE JUDGE